## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | Chapter 7 |
| | ) | |
| MARSHALL, LYDIA | ) | CASE NO. 11-50839-JPC |
| | ) | |
| Debtor(s) | ) | Hon. Jacqueline P. Cox |

## COVER SHEET FOR APPLICATION FOR
## PROFESSIONAL COMPENSATION

Name of Applicant: STEVEN R. RADTKE, Chapter 7 Trustee

Authorized to Provide
Professional Service to: Estate of LYDIA MARSHALL

Date of Order Authorizing Employment: December 20, 2011

Period for Which
Compensation is Sought: December 20, 2011 to Close of Case

Amount of Fees Sought: $1,106.52

Amount of Expense $2.45
Reimbursement Sought:

This is a(n):      Interim Application ___      Final Application _X_

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications: N/A

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed | Any Amount Ordered Withheld |
|---|---|---|---|---|
| | | | | |

The aggregated amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $0.00

DATED: _____      By: /s/ Steven R. Radtke _____
                                        STEVEN R. RADTKE, Trustee

STEVEN R. RADTKE
79 West Monroe Street, Suite 1305
CHICAGO, IL 60603
(312) 346-1935
MarshallCvrShTrAppFee

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**Eastern**

| | | |
|---|---|---|
| IN RE | ) | Chapter 7 |
| | ) | |
| Marshall, Lydia | ) | CASE NO. 11-50839-JPC |
| | ) | |
| Debtor(s). | ) | Hon. Jacqueline P. Cox |

**TRUSTEE'S APPLICATION FOR**
**COMPENSATION AND EXPENSES**

TO:   THE HONORABLE Jacqueline P. Cox

NOW COMES STEVEN R. RADTKE, Trustee herein, pursuant to 11 U.S.C. §330, and requests $1,106.52 as compensation and $2.45 for reimbursement of expenses, $0.00 amount of which has previously been paid.

**I. COMPUTATION OF COMPENSATION**

Total disbursements to parties in interest, excluding the Debtor, but including holders of secured claims are $4,426.06. Pursuant to 11 U.S.C. §326, compensation should be computed as follows:

| | | |
|---|---|---|
| 25% of the First $5,000.00 | $1,106.52 | ($1,250.00 max.) |
| 10% of next $45,000.00 | $0.00 | ($4,500.00 max.) |
| 05% of next $950,000.00 | $0.00 | ($47,500.00 max.) |
| 03% of balance | $0.00 | |

| | |
|---|---|
| TOTAL COMPENSATION | $1,106.52 |

## II. TRUSTEE'S EXPENSES

| | |
|---|---|
| Photocopies | $1.10 |
| Postage | $1.35 |

| | |
|---|---|
| TOTAL EXPENSES | $2.45 |

The undersigned certifies under penalty of perjury that no agreement or understanding exists between the undersigned and any other person for sharing of compensation prohibited by the Bankruptcy Code. No payments have previously been made or promised in any capacity in connection with the above case.

Dated: _____        /s/ STEVEN R. RADTKE
                                       STEVEN R. RADTKE, Trustee

STEVEN R. RADTKE
79 WEST MONROE STREET
SUITE 1305
CHICAGO, IL 60603
Other          (312) 346-1935
Business
Other          (312) 346-2138

MarshallTrAppComp

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | Chapter 7 |
| | ) | |
| Marshall, Lydia | ) | CASE NO. 11-50839-JPC |
| | ) | |
| Debtor(s). | ) | Hon. Jacqueline P. Cox |

**Trustee's Affidavit Pursuant to Rule 2016**

| | |
|---|---|
| State of Illinois | ) |
| County of Cook | ) |

I, STEVEN R. RADTKE, being first duly sworn on oath, deposes and states as follows:

1.      I am the duly appointed, qualified and acting trustee in this case and I have personal knowledge of the facts set forth herein.

2.      I have read the Trustee's Application for Allowance for Compensation and Expenses ("Application") and all of the factual matters set forth therein are true to the best of my knowledge, information and belief. I or my agents pursuant to my direction performed the services set forth and described in the Application.

3.      I have made no arrangements for a division of compensation received or to be received herein directly or indirectly nor does any understanding exist between myself or any other person, except that I am a principal at Chill, Chill & Radtke, P.C. a law firm at which I was employed during the pendency of this case. I have not previously received payment of any compensation of services rendered in connection with this case.

4.      Further Affiant sayeth not.

_____
Steven R. Radtke

Subscribed and sworn to
before me this 11th day
of July, 2012

_____
Notary Public
MarshallTrAppComp

SOCORRO CHAVEZ
MY COMMISSION EXPIRES
MARCH 11, 2014
NOTARY PUBLIC
OFFICIAL SEAL
STATE OF ILLINOIS

3

## TASKS PERFORMED BY TRUSTEE

1. The Trustee reviewed the Debtor's Schedules of Assets and Liabilities and Statement of Financial Affairs.

2. The Trustee received and analyzed debtor's tax returns.

3. The Trustee conducted an examination of the Debtor at the Section 341 meeting of creditors.

4. The Trustee received and deposited the excess proceeds from the sale of Debtor's automobile.

5. The Trustee reviewed the claims filed in the case. No objections were necessary.

6. The Trustee managed the estate's cash on hand. This included investing the estate's funds in an interest bearing account and maintaining a report of cash receipts and disbursements.

7. In addition to time itemized on the attached Schedule, the Trustee estimates that he will spend an additional 4 hours rendering services with a value of $1,400.00 to obtain approval of the final report, make a final distribution to creditors and prepare and file his final account.

MarshallTrAppComp

**EXHIBIT A**

4

July 11, 2012

Steven R. Radtke, Trustee
Lydia Marshall Bankruptcy Estate
CHILL CHILL & RADTKE, P.C.
79 W. Monroe Street, #1305
Chicago IL 60603

RE:  Bankruptcy Estate of Lydia Marshall, Debtor
     Chapter 7; Case No. 2011-50839; Filed 12/20/2011
     Compensation and Expenses of S.R. Radtke, Trustee
     MarshallL- TSee - #1104

### Professional services

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 1/24/12 SRR | Received 341 documents from Debtor's attorney; reviewed same | 1.00<br>375.00/hr | 375.00 |
| 1/30/12 SRR | Reviewed Debtor's bankruptcy schedules and statement of financial affairs | 0.30<br>375.00/hr | 112.50 |
| 2/6/12 SRR | Examined Debtor at 341 meeting | 0.20<br>375.00/hr | 75.00 |
| 2/28/12 SRR | Receipt and review of correspondence from Debtor's attorney regarding information requested at 341 meeting regarding automobile insurance. | 0.30<br>375.00/hr | 112.50 |
| 3/6/12 SRR | Receipt of correspondence from Fifth Third Bankcorp and check in the amount of $4425.93 representing excess proceeds from sale of vehicle. | 0.20<br>375.00/hr | 75.00 |

Steven R. Radtke, Trustee                                          Page     2

| | | | | Hrs/Rate | Amount |
|---|---|---|---|---|---|
| 3/12/12 | SRR | Contact Bank of America re setting up account; depositing check | | 0.50 375.00/hr | 187.50 |
| 4/10/12 | SRR | Review and process March bank statement (.10); reconcile account (.10) | | 0.20 375.00/hr | 75.00 |
| 5/10/12 | SRR | Review and process April bank statement (.10); reconcile account (.10) | | 0.20 375.00/hr | 75.00 |
| 6/11/12 | SRR | Review and process May bank statement (.10); reconcile account (.10) | | 0.20 375.00/hr | 75.00 |
| 6/20/12 | SRR | Review claims filed for possible objection | | 0.30 375.00/hr | 112.50 |
| 6/21/12 | SRR | Prepared Final Report | | 1.00 375.00/hr | 375.00 |
| | | For professional services rendered | | 4.40 | $1,650.00 |
| | | Balance due | | | $1,650.00 |